UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JONATHAN McLEAN,	Docket No.: 20 CV 8189

*Plaintiff,*	COMPLAINT

- against -

UNITED STATES,

*Defendant.*

-----------------------------------------------------------------x

Plaintiff, JONATHAN McLEAN, by his attorneys, KERNER & KERNER, P.C., complaining of the defendant, UNITED STATES, upon information and belief, respectfully sets forth and alleges:

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1346(b) and 1367(a) and the Federal Tort Claims Act (28 U.S.C. § 2401[b] *et seq.*, 28 U.S.C. §2671 *et seq.* and 28 U.S.C. § 1346[b][1]) in that the within action seeks compensation for personal injuries that were caused, in whole or in part, by the negligent and/or wrongful acts and/or omissions of officers, agents, servants and/or employees of the UNITED STATES while acting within the course, scope and in furtherance of their offices and employment, under circumstances where the UNITED STATES, if a private person, would be liable to the plaintiff, in accordance with the laws of the State of New York.

2. Venue is properly situated pursuant to 28 U.S.C. § 1391(e)(1), in that all, or a substantial part, of the acts and omissions alleged herein occurred within the Southern District of the State of New York.

3. That at all times hereinafter mentioned, the United States Department of Health and Human Services (hereinafter "HHS") was and still is an instrumentality, administration, bureau, department and/or agency of the defendant, UNITED STATES.

### FEDERAL TORT CLAIMS ACT ("FTCA") ADMINISTRATIVE PROCEDURE

4. That heretofore and prior to the commencement of this action and on or about the 6th day of March, 2020, a Claim for Damage and/or Injury was duly served upon the HHS for damages sustained by the plaintiff herein arising out of the negligence and/or medical malpractice of the HHS, by its officers, agents, servants and/or employees, which sets forth:

    a. The names and post office addresses of the claimant and of his attorneys;

    b. The nature of the claim;

    c. The time when, the place where and the manner in which the claim arose, and

    d. The items of damage or injuries claimed to have been sustained by said claimant, so far as then practicable.

5. That said Claim was so served on HHS within two (2) years after this cause of action accrued and upon which this cause of action is based; and that at least six (6) months have elapsed since such claim was presented for adjustment and that such adjustment has been neglected, denied and/or refused to be made for six (6) months after such presentment.

6. That the plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

7. That at all times hereinafter mentioned, plaintiff was and still is a resident of the Borough and County of Bronx, City and State of New York.

8. That at all times hereinafter mentioned, defendant UNITED STATES, through its agency, HHS, operated, maintained, managed, controlled and/or provided financial assistance to a hospital known as BRONX-LEBANON HOSPTIAL CENTER a/k/a BRONXCARE HOSPITAL CENTER (hereinafter "BRONX-LEBANON"), located at 1650 Grand Concourse, Bronx, New York 10457.

9. That at all times hereinafter mentioned, BRONX-LEBANON held itself out to the public at large, including the plaintiff, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the plaintiff.

10. That at all times hereinafter mentioned, the directors, officers, operators, administrators, employees, physicians, nurses, agents, and staff members of BRONX-LEBANON were employed by and/or acting on behalf of the defendant UNITED STATES.

11. That at all times hereinafter mentioned, defendant UNITED STATES, through its agency, HHS, operated, maintained, managed, controlled and/or provided financial assistance to a medical facility and/or clinic known as DR. MARTIN LUTHER KING, JR. HEALTH CENTER, a/k/a BRONXCARE MEDICAL AND DENTAL AT POE (hereinafter referred to as "POE"), located at 2432 Grand Concourse, Bronx, New York 10458.

12. That at all times hereinafter mentioned, defendant UNITED STATES, through its agency, HHS, operated, maintained, managed, controlled and/or provided financial assistance to a medical facility and/or clinic known as BRONXCARE HEALTH & WELLNESS CENTER, located at 199 Mt. Eden Parkway, Bronx, New York (hereinafter referred to as "BRONXCARE MT. EDEN").

13. That at all times hereinafter mentioned, POE held itself out to the public at large, including the plaintiff, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the plaintiff.

14. That at all times hereinafter mentioned, the directors, officers, operators, administrators, employees, physicians, nurses, agents, and staff members of POE were employed by and/or acting on behalf of the defendant UNITED STATES, including, but not limited to, SHARON KIM, M.D. (hereinafter referred to as "KIM").

15. That at all times hereinafter mentioned, BRONXCARE MT. EDEN held itself out to the public at large, including the plaintiff, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the plaintiff.

16. That at all times hereinafter mentioned, the directors, officers, operators, administrators, employees, physicians, nurses, agents, and staff members of BRONXCARE MT. EDEN were employed by and/or acting on behalf of the defendant UNITED STATES, including, but not limited to, ARLENE TIENG, M.D. (hereinafter referred to as "TIENG").

17. That BRONX-LEBANON is a federally qualified health center and, as such, its physicians, nurses, aides, physician assistants, employees and/or agents are deemed federal public health service employees.

18. That POE is a federally qualified health center and, as such, its physicians, nurses, aides, physician assistants, employees and/or agents are deemed federal public health service employees, including, but not limited to, KIM.

19. That BRONXCARE MT. EDEN is a federally qualified health center and, as such, its physicians, nurses, aides, physician assistants, employees and/or agents are deemed federal public health service employees, including, but not limited to, TIENG.

20. That the defendant is responsible for the negligent acts and/or omissions of the physicians, nurses, aides, physician assistants, employees and/or agents of BRONX-LEBANON under the doctrine of vicarious liability and/or respondeat superior.

21. That the defendant is responsible for the negligent acts and/or omissions of the physicians, nurses, aides, physician assistants, employees and/or agents of POE under the doctrine of vicarious liability and/or respondeat superior, including, but not limited to, KIM.

22. That the defendant is responsible for the negligent acts and/or omissions of the physicians, nurses, aides, physician assistants, employees and/or agents of BRONXCARE MT. EDEN under the doctrine of vicarious liability and/or respondeat superior, including, but not limited to, TIENG.

## FACTUAL ALLEGATIONS

23. That on or about January 9, 2019, the plaintiff presented to the emergency room of the defendant's BRONX-LEBANON hospital facility with complaints of, inter alia, elevated blood sugar, polyurea, with a history of rheumatoid arthritis and diabetes.

24. That plaintiff was examined by a physician at BRONX-LEBANON and thereafter admitted to the hospital for further treatment and observation. BRONX LEBANON on or about January 9, 2019.

25. That prior to and/or during his admission to BRONX-LEBANON, plaintiff was administered Prednisone and Methotrexate for treatment of rheumatoid arthritis and elevated blood sugar, respectively.

26. That both Methotrexate and Prednisone are known to cause immunosuppression, placing plaintiff at increased risk of infection.

27. That diabetes is a medical condition that is known to reduce a person's immunity resulting in an increased risk of infection.

28. That during plaintiff's admission at BRONX-LEBANON plaintiff was diagnosed with an elevated white blood cell count, urinary tract infection and/or bacteremia.

29. That plaintiff's urinary tract infection tested positive for Escherichia.Cole - Extended Spectrum Beta Lactamase bacteria (hereinafter referred to "E.Coli - ESBL").

30. That E. Coli - ESBL is known in the medical community to be resistant to various antibiotics, including, but not limited to, Ciprofloxacin (hereinafter referred to as "Cipro").

31. That Cipro is an ineffective and/or contraindicated medication to treat E. Coli – ESBL.

32. That plaintiff's blood susceptibility studies performed at BRONX-LEBANON confirmed that Cipro was not an effective medication to treat the bacteria that was the cause of plaintiff's diagnosed urinary tract infection, namely, E. Coli - ESBL.

33. That despite the foregoing, defendant, as aforesaid, prescribed, administered and treated the plaintiff's urinary tract infection with Cipro.

34. Thereafter, on January 11, 2019 plaintiff was (a) discharged from BRONX-LEBANON with a diagnosis of hypertension, rheumatoid arthritis, diabetes mellitus, urinary tract infection and acute kidney injury, (b) prescribed a seven day regimen of Cipro, and (c)

advised to follow up for further medical treatment at defendant's POE medical clinic on January 14, 2019.

35. Thereafter, plaintiff presented to the POE clinic on January 14, 2019, and was examined and/or treated by defendant's physician, agent and/or employee, KIM.

36. That upon examining the plaintiff, KIM discharged the plaintiff referring the plaintiff to TIENG for an appointment on January 28, 2019, at BRONXCARE MT. EDEN, for treatment of his rheumatoid arthritis, and to TYBEE ELEFF, O.D., on February 12, 2019 at BRONXCARE THIRD AVENUE MEDICAL AND DENTAL PRACTICE, located at 2739-45 3rd Avenue, Bronx, New York, on February 12, 2019, for an optometry consultation.

37. Thereafter, as instructed, on January 28, 2019 plaintiff presented to BRONXCARE MT. EDEN for his follow-up appointment with TIENG.

38. That on January 28, 2019, following an examination, TIENG diagnosed plaintiff with right elbow bursitis, left knee effusion and rheumatoid arthritis, without considering, requesting and/or performing any follow-up examination, referrals, lab studies and/or other diagnostic tests and/or procedures regarding plaintiff's previously diagnosed urinary tract infection..

39. That two days later, on January 30, 2019, plaintiff was emergently transported to LINCOLN MEDICAL AND MENTAL HEALTH HOSPITAL (hereinafter referred to as "LINCOLN") in critical condition.

40. That on or about and between January 30, 2019 and March 7, 2019, plaintiff was admitted and treated at LINCOLN for, inter alia, altered mental status, hypotension, shock, hypothermia, hyperkalemia, multiple cardiac arrests, acidosis, anoxic brain damage, clostridioides difficile, respiratory failure, anemia and gangrene.

41. That the aforesaid complications were proximately caused by the neglect and/or failure to properly and timely diagnose, treat, monitor and/or prescribe appropriate medications to the plaintiff for the urinary tract infection caused by E. Coli – ESBL while a patient at BRONX-LEBANON, POE and/or BRONXCARE MT. EDEN, as aforesaid.

42. That on about March 7, 2019, plaintiff was discharged from LINCOLN transferred to a nursing home.

43. That on or about March 9, 2019, plaintiff was re-admitted to LINCOLN with continued signs, symptoms and/or pathologies of infection.

44. That during the re-admission to LINCOLN, plaintiff underwent, sustained and/or endured, inter alia, a left lower extremity amputation, right lower extremity amputation, bilateral thumb amputations, right index finger amputation, and left upper eschar excision and debridement, all of which were proximately and/or substantially caused by the E. Coli – ESBL urinary tract infection, as aforesaid.

45. That as a result of the foregoing, plaintiff suffered horrific pain and anguish, and mental and emotional distress, all of which is and will be permanent and progressive in their nature and competently caused aftereffects.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE)

46. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

47. The defendant had a duty to provide reasonable care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the defendant presented to the community at large.

48. The defendant breached its duty of care to the plaintiff.

49. That at all times relevant to this Complaint, the defendant, UNITED STATES, had a duty to hire competent physicians, nurses, medical personnel, employees, agents and/or staff members to meet its standards of quality of care of its patients, including the plaintiff.

50. That the defendant knew, or should have known, that the medical staffs of the subject hospital and health care facilities failed and neglected to be properly trained, and/or supervised, in a manner necessary to provide a level of care to the plaintiff that met all applicable legal requirements; that demonstrated standard and degree of care and skill required of competent health care providers; were inconsistent with the expertise that the defendant, as aforesaid, presented to the community at large.

51. That defendant, as aforesaid, undertook to treat and care for the plaintiff in accordance with approved methods in general use and generally accepted in the community and elsewhere, and to treat and care for the said patient using reasonable professional skill and/or use their best judgment in such care and treatment.

52. That during the aforesaid times, the defendant, UNITED STATES, by its physicians, staff members, interns, residents, nurses, therapists, agents, servants and/or employees, was negligent, careless, reckless and guilty of malpractice, in its care, treatment and/or advice rendered to the plaintiff at BRONX LEBANON, POE and/or BRONXCARE MT. EDEN, in that, among other things, defendant, as aforesaid, failed and neglected to

render, proper and adequate emergency, medical, pathologic, laboratory, infection, pharmacological, and/or hospital care to the plaintiff in accordance with generally accepted standards of medical and hospital care existing in the community and elsewhere; failed and neglected to use reasonable care and professional skill in its care and treatment of the plaintiff; failed and neglected to use its best judgment in such care and treatment; failed and neglected to properly, adequately and timely diagnose the true conditions from which the plaintiff was suffering; failed and neglected to take heed of the said patient's signs, symptoms and complaints; failed and neglected to direct or take further additional tests, studies and observations in view of the course of the plaintiff's condition; failed and neglected to advise consultations with specialists who had the requisite learning, knowledge and skill to properly diagnose and correctly and adequately treat the plaintiff true conditions and complications; treated the plaintiff in a manner contrary to the accepted rules and standards of the community wherein the said treatment was utilized upon the plaintiff; departed from approved methods in general use; failed and neglected to possess the requisite knowledge, experience and professional skill to recognize, detect, discover and correctly diagnose the plaintiff's true condition; negligently, carelessly and recklessly failed to promptly and timely diagnose the true cause of the plaintiff's condition; permitted and allowed the aforesaid patient to languish in physical pain and mental anguish for a long and unreasonable period of time; failed to properly follow and care for the plaintiff; caused, permitted and allowed the plaintiff's condition to worsen; caused, permitted and allowed the said patient to develop serious complications and/or infections; failed to properly medicate the said patient; in that defendant, as aforesaid, failed to properly follow and render good and adequate treatment to its said patient; in causing, permitting and allowing its said patient to exacerbate and/or develop various pathological conditions, and/or diseases; in failing to properly and/or adequately (a)

administer medication, (b) properly monitor the said patient, and (c) conduct appropriate diagnostic procedures and tests, so as to prevent, deter and/or retard the onset and/or exacerbation of such conditions and/or diseases, and the exacerbation of said patient's underlying pathology; in performing various medical procedures in an improper and inadequate manner; in caring for plaintiff in such a manner so as to constitute an abandonment; in negligently hiring incompetent, inexperienced and or unqualified physicians, nurses, medical personnel, employees, agents and/or staff members at its medical facilities, as hereinabove set forth; in breaching its duty owed to its patients, including the plaintiff, to retain only competent and adequately trained physicians, nurses, medical personnel, employees, agents and/or staff members in order to meet its standards of quality of care of its patients, including the plaintiff; in breaching its duty owed to its patients, including the plaintiff, by retain only competent, experienced, qualified and/or adequately trained physicians, nurses, medical personnel, employees, agents and/or staff members at its said medical facilities; in failing to warn the plaintiff of the dangers, risks, hazards and/or benefits of the treatment(s) rendered, the neglect and/or failure to render such treatment(s) including any and all alternative treatments; and in that the defendant, as aforesaid, and was guilty of negligence and malpractice under the doctrine of res ipsa loquitur; and in being otherwise careless and negligent under all of the circumstances.

53. That as a direct and proximate result of defendant's negligence, as set forth above, plaintiff sustained serious and permanent personal injuries in and about his body; has incurred hospital and medical expenses, and other damages, and will continue to incur hospital and medical expenses, and other damages in the future; was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish

in the future; has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

54. That the acts and or omissions set forth above constitute a good and sufficient claim of negligence and/or medical malpractice under the laws of the State of New York.

55  That by virtue of the foregoing, the defendant is liable to the plaintiff for compensatory damages pursuant to 28 U. S.C. 1346(b)(l).

56. That by reason of the foregoing, plaintiff sustained damages caused by the said defendant in the amount of $15,000,000, together with interest, costs and disbursements of bringing this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## (VICARIOUS LIABILITY)

57. Plaintiff repeats, reiterates and realleges each and every allegation above as if fully set forth herein.

58. That at all times hereinabove set forth, the physicians, nurses, medical personnel, employees, agents and/or staff members of the defendant's health care facilities, BRONX-LEBANON, POE and BRONXCARE MT. EDEN, are federal public health service employees acting on behalf of the defendant.

59. That at all times hereinabove set forth, the physicians, nurses, medical personnel, employees, agents and/or staff members of defendant were acting within their respective capacities, scopes and in furtherance of their employment for the defendant.

60. That at all times hereinabove set forth, the physicians, nurses, medical personnel, employees, agents and/or staff members of the defendant negligently, recklessly, directly and/or proximately caused personal injury to the plaintiff.

61. That as a direct and/or proximate result of defendant's negligence, plaintiff sustained serious and permanent personal injuries in and about his body; has incurred substantial hospital and medical expenses, and other damages, and will continue to incur hospital and medical expenses, and other damages in the future; was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

62. The acts and or omissions set forth above constitute a good and sufficient claim of negligence and/or medical malpractice under the laws of the State of New York.

63. That by virtue of the foregoing, the defendant is liable to the plaintiff pursuant to 28 U. S.C. 1346(b)(l).

64. That by reason of the foregoing, plaintiff sustained damages caused by the said defendant in the amount of $15,000,000, together with interest, costs and disbursements of bringing this action.

## AS AND FOR A THIRD CAUSE OF ACTION
## (INFORMED CONSENT)

65. Plaintiff repeats, reiterates and realleges each and every allegation hereinabove set forth with the same force and effect as if more fully set forth herein at length.

66. That defendant, by its physicians, nurses, medical personnel, employees, agents and/or staff members, failed and/or neglected to advise and/or inform plaintiff of all of the reasonably foreseeable risks, hazards and dangers inherent in the medical treatment rendered or to be rendered to him; in that the defendant, as aforesaid, failed to receive an informed consent therefore; and that the said defendant, as aforesaid, was otherwise negligent herein.

67. That a reasonably prudent person in the plaintiff's position would not have consented to undergo the subject procedures, if he/she had been fully informed of all of the reasonably foreseeable risks and benefits involved in the subject procedures rendered herein.

68. That the failure of the defendant, as aforesaid, to obtain plaintiff's informed consent was a proximate cause of the injuries and/or conditions for which recovery is sought herein.

69. That the conduct hereinabove set forth of the defendant UNITED STATES, as aforesaid, constitutes a violation of Public Health Law §2805-d(1)-(3).

70. That by reason of the foregoing, plaintiff sustained damages caused by the said defendant in the amount of $15,000,000, together with interest, costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, JONATHAN McLEAN, demands judgment against the defendant, UNITED STATES, on the First, Second and Third Causes of Action in the amount of $15,000,000, together with interest, costs and disbursements of this action.

KERNER & KERNER, P.C.

By: /s/_____
Kenneth T. Kerner (5736)
Attorneys for Plaintiff
Office & P.O. Address
15 Maiden Lane, Ste. 1008
New York, New York 10038
(212) 964-1098
kkerner@kernerlaw.com

**Docket No:**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JONATHAN McLEAN,

*Plaintiff,*

-against-

UNITED STATES,

*Defendant.*

**SUMMONS AND COMPLAINT**

**KERNER & KERNER, P.C.**
**Attorneys for PLAINTIFF**
15 Maiden Lane, Suite 1008
New York, New York 10038
(212) 964-1098

PLEASE TAKE NOTICE:
[ ]   NOTICE OF ENTRY
that the within is a true copy of an
duly entered in the office of the clerk of the within named court on   .

[ ]   NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for settlement to the Hon.              , one of the judges of the within named court, at
on            , 2020      at         M.         Yours, etc.,

KERNER & KERNER, P.C.
Attorneys for PLAINTIFF
15 Maiden Lane, Suite 1008
New York, New York 10038
(212) 964-1098

**COMPLIANCE PURSUANT TO 22 NYCRR SEC. 130-1.1-a**
To the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22 NYCRR SEC. 130-1.1-a.

_____, Dated: 0-1-   , 2020.
Kenneth T. Kerner