USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/31/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
JONATHAN MCLEAN,                                :
                                                :
                        Plaintiff,              :
                                                :    20-cv-8189 (ALC)
        -against-                               :
                                                :    <u>OPINION AND ORDER</u>
UNITED STATES,                                  :
                                                :
                        Defendant.              :
                                                :
--------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

Plaintiff Jonathan McLean brings suit against Defendant the United States of America, asserting claims for "negligence," "vicarious liability," and lack of "informed consent," arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. Defendant moves to partially dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Furthermore, "[a] complaint is deemed to include any written instrument attached to it as an exhibit," *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); Fed. R. Civ. P. 10(c), and the Court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may review documents outside the pleadings that are relevant to its determination of subject matter jurisdiction and

1

documents outside the pleadings that are integral to the complaint. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). Thus, the following facts, alleged in the Complaint, ECF No. 1, and Plaintiff's administrative claim records, ECF No. 14-1 ("SF-95"), are assumed to be true for the purposes of this motion.

On January 9, 2019, Plaintiff presented with complaints of elevated blood sugar and polyurea to the emergency room at the federally-funded Bronx-Lebanon hospital. Compl. ¶ 23. He had a history of rheumatoid arthritis and diabetes. *Id*. After examination, he was admitted to the hospital for additional treatment and observation, and he was diagnosed with an elevated white blood cell count, a urinary tract infection, and/or bacteremia. *Id*. ¶¶ 24, 28. The urinary tract infection tested positive for E. Coli – ESBL. *Id*. ¶ 29. The Complaint asserts that Plaintiff was prescribed Ciprofloxacin even though E. Coli – ESBL is known in the medical community to be resistant to Ciprofloxacin, a fact which was also confirmed by Plaintiff's blood susceptibility studies conducted at Bronx-Lebanon. *Id*. ¶¶ 30–33.

Plaintiff was discharged from Bronx-Lebanon with diagnoses of hypertension, rheumatoid arthritis, diabetes mellitus, urinary tract infection, and acute kidney injury. *Id*. ¶ 34. Plaintiff was instructed to follow up at an affiliated medical clinic. *Id*. After attending the follow-up appointment on January 14, 2019, Plaintiff was referred to an additional appointment for treatment of his rheumatoid arthritis and an optometry consultation. *Id*. ¶ 36. On January 28, 2019, at the rheumatoid arthritis referral appointment, Plaintiff was diagnosed with rheumatoid arthritis, right elbow bursitis, and left knee effusion; however, the physician conducted no follow-up on the urinary tract infection. *Id*. ¶ 38.

On January 30, 2019, Plaintiff was emergently transported to Lincoln Medical and Mental Health Hospital in critical condition. *Id*. ¶ 39. Between January 30, 2019, and March 7, 2019, Plaintiff was treated at the hospital for altered mental status, hypotension, shock, hypothermia, hyperkalemia, multiple cardiac arrests, acidosis, anoxic brain damage, clostridioides difficile, respiratory failure, anemia and gangrene. *Id*. ¶ 40. On March 9, 2019, Plaintiff was re-admitted to Lincoln with continued signs of infection. *Id*. ¶ 43. During this admission, Plaintiff underwent a left lower extremity amputation, right lower extremity amputation, bilateral thumb amputations, right index finger amputation, and left upper eschar excision and debridement. *Id*. ¶ 44. Plaintiff alleges that these complications were caused by Bronx-Lebanon's failure to properly treat his urinary tract infection. *Id*. ¶¶ 41, 44.

## PROCEDURAL HISTORY

On March 6, 2020, Plaintiff filed an SF-95 Claim for Damage, Injury, or Death with the U.S. Department of Health and Human Services ("HHS"), claiming $15 million in damages. SF-95. The SF-19 provided the following description as Plaintiff's "basis of [his] claim."

> Claim for hospital and/or medical malpractice in the care and treatment rendered to claimant at BronxCare Health Systems various facilities, . . . by their physicians, nurses, agents and/or staff members, . . . for injuries suffered as a result of the failure to properly diagnose, treat, monitor, and/or prescribe reasonable and proper medication(s) to treat claimant's urinary tract infection caused by multi-drug resistant Escherichia coli bacteria a/k/a extended spectrum beta-lactamases Escherichia coli bacteria, as a result of which claimant suffered permanent injuries.

SF-95 at 5.

Plaintiff initiated this suit on October 2, 2020. ECF No. 1. Defendant seeks to dismiss the Complaint in part pursuant to Rule 12(b)(1) and Rule 12(b)(6). Specifically, Defendant seeks dismissal of Plaintiff's claims for lack of informed consent and vicarious liability, as well as Plaintiff's negligence claim as to its allegations of negligent hiring, training, and supervision.

3

**STANDARD OF REVIEW**

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional authority to adjudicate it." *Makarova*, 201 F.3d at 113. A failure to exhaust administrative remedies constitutes a jurisdictional defect and may be addressed through a Rule 12(b)(1) motion. *See DiLaura v. Power Authority*, 982 F.2d 73, 79 (2d Cir. 1992) ("Failure to exhaust administrative remedies permits a court to dismiss the action because no subject matter jurisdiction exists."). A court must accept as true all material factual allegations in the complaint, and draw inferences favorable to the party asserting jurisdiction. *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When evaluating subject matter jurisdiction, a court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question, *Makarova*, 201 F.3d at 113. Once challenged, the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. *Id.*

To survive a 12(b)(6) motion, a claim must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**DISCUSSION**

I.  **Negligent Hiring, Training and Supervision, and Lack of Consent Claims**

Defendant urges the Court to dismiss Plaintiff's claims for (1) lack of informed consent and (2) negligent hiring, training and supervision due to lack of subject matter jurisdiction as

4

Plaintiff did not present these claims to HHS in his SF-95. Before bringing an FTCA suit, a plaintiff must file an administrative claim. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). The administrative claim "need not meet formal pleading requirements." *Lassic v. United States*, No. 14-cv-9959 (KBF), 2015 WL 5472946, at *4 (S.D.N.Y. Sept. 16, 2015) (internal quotation marks and citations omitted), *aff'd on other grounds*, 668 F. App'x 395 (2d Cir. 2016). However, the claim must "provide sufficient information both to permit an investigation and to estimate the claim's worth." *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983). Additionally, "[a] claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998). In this vein, the "Court lacks subject matter jurisdiction to decide [a] new claim" about which Plaintiff's "[administrative] claim was silent." *Schunk v. United States*, 783 F. Supp. 72, 81, 82 (E.D.N.Y. 1992).[1]

The Complaint asserts that Defendant breached its "duty to hire competent . . . medical personnel," and "neglected to . . . properly train[] and/or supervise[]" healthcare workers. Compl. ¶¶ 48–50. However, the SF-95 lacks any allegations to this effect; rather, the SF-95 centers on Plaintiff's treatment. Accordingly, the SF-95 did not provide sufficient information to permit the government to investigate any claims for negligent supervision, hiring, and training. *See Lassic*, 2015 WL 5472946, at *4 (dismissing negligent hiring claim due to failure to exhaust); *Schwartz v. United States*, No. 19-cv-7846 (VSB), 2020 WL 5578505, at *3 (S.D.N.Y. Sept. 17, 2020) (same).

---

[1] In *Johnson v. United States*, 788 F.2d 845 (2d Cir. 1986), the Second Circuit concluded that the SF-95 *did* provide the government adequate notice of a negligent hiring and supervision claim under the FTCA even though the SF-95 did not reference these claims. However, *Johnson* is inapposite here. The *Johnson* case involved sexual assault allegations and the *Johnson* Court relied upon the specific context of sexual assault in reaching its conclusion. The Court explained that "[t]he alleged conduct of the postal employee should normally have prompted an inquiry into the Postal Service's prior knowledge of his propensities since experience indicates that it is the kind of conduct that may be repetitive." *Id*. at 849. This same reasoning does not apply to the medical malpractice context.

The SF-95 also alleges no facts to establish a claim for lack of informed consent. As the events occurred in New York, New York law governs here. *See* 28 U.S.C. § 1346(b)(1) (stating that a defendant is liable under the FTCA when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). A claim for lack of informed consent under New York law "must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment. A plaintiff must also prove that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought." *I.M. v. United States*, 362 F. Supp. 3d 161, 203–04 (S.D.N.Y. 2019) (internal quotation marks and citations omitted).

Here, Plaintiff's administrative claim did not include allegations that the practitioners failed to disclose risks, benefits and alternatives to treatment, or that a fully informed individual in Plaintiff's position would have opted not to undergo the treatment. Thus, the government "had no reason to investigate whether there was an absence of informed consent" and the lack of informed consent claim is unexhausted. *Cepeda v. United States*, No. 19-cv-5967 (JPC), 2021 WL 465409, at *7 (S.D.N.Y. Feb. 9, 2021); *see also Mayes v. United States*, 790 F. App'x 338, 339–40 (2d Cir. 2020) (holding that an administrative claim "did not satisfy the FTCA's exhaustion requirement" where the claim "asserted only medical malpractice and did not include an informed consent claim" because a claim "filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth"); *Matthias v. United States*, 475 F. Supp. 3d 125, 139 (E.D.N.Y. 2020) (dismissing as unexhausted a claim for lack of informed consent because "[t]hough the claim adequately refers to negligence in plaintiff's

medical treatment, it provides no detail as to any alleged failure on the part of the physicians to obtain informed consent").

Thus, Plaintiff's claims for lack of informed consent and for negligent hiring, training and supervision are dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies.

## II. Vicarious Liability Claim

In its opposition brief, Plaintiff consents to remove his vicarious liability cause of action. Accordingly, this claim is dismissed.

## CONCLUSION

For the above reasons, Defendant's motion to dismiss the Complaint in part is GRANTED. Pursuant to Plaintiff's February 16, 2022 letter, ECF No. 24, the Court denies Plaintiff's letter motion at ECF No. 16. No later than fourteen days from the date of this decision, the parties shall file a joint status letter regarding next steps. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 16 and 17.

**SO ORDERED.**

**Dated: March 31, 2022**
**New York, New York**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**