```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MICHAEL PLUMMER,

                              Plaintiff,                      21-CV-01888 (GBD)(SN)

                -against-                            **SECOND ORDER**
                                                              **TO SHOW CAUSE**

WILLIAM F. LEOPOLD, JR.,

                              Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       A settlement conference is scheduled for March 9, 2023. This is the second-scheduled settlement conference. A settlement conference was previously scheduled for January 10, 2023, but was adjourned when Plaintiff's counsel failed to comply with a court order to make a settlement demand to Defendant or otherwise engage in the litigation. ECF Nos. 36, 38. The Court rescheduled the settlement conference and directed the parties to submit Ex Parte Letters and Acknowledgment forms no later than March 2, 2023. See ECF No. 40. On March 3, 2023, having received no communication from Plaintiff, the Court sent a reminder email to Plaintiff's counsel and directed that their submission be made no later than the end of business that day. To date, Plaintiff has failed to respond.

       A plaintiff has a general obligation to prosecute their case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Under Federal Rule of Civil Procedure 41(b), the Court, on its own initiative, may dismiss an action for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). In deciding whether to dismiss an action for failure to prosecute, the Court must consider five factors: "(1) the duration of the plaintiff's failure to

comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks omitted).

This is the second time that Plaintiff's counsel's failure to monitor this case has required the expenditure of limited judicial resources. See ECF No. 38. Plaintiff is ORDERED to make the aforementioned submissions no later than Tuesday, March 07, 2023. If counsel does not respond, the Court will adjourn the settlement conference and recommend that the case be dismissed for failure to prosecute.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: March 6, 2023
New York, New York

cc: Gary Sobo (via electronic mail)
Gregory Sobo (via electronic mail)